Division, First Department.    June 28, 1898.)
Action by Simon M. Lindenstein against the
Equitable Life Assurance Society of the United
States, impleaded.    Henry Brill, for appellant.
Allan McCulloh, for respondents.    No opinion.
Order affirmed, with $10 costs and disburse-
ments.

LIPSITZ, Respondent, v. PURCELL, Appel-
lant.    (Supreme Court, Appellate Division,
Fourth Department.    June 18, 1898.)    Action
by Lena Lipsitz against John E. Purcell.    No
opinion.    Motion denied, with costs, and judg-
ment ordered on the verdict for the plaintiff,
with costs.

LOCKWOOD, Appellant, v. LOCKWOOD et
al., Respondents.    (Supreme Court, Appellate
Division, Third Department.    July 6, 1898.)
Action by Mary F. Lockwood against Jeremiah
S. Lockwood and others.    No opinion.    Judg-
ment affirmed, with costs.

LOMBARD, Appellant, v. FAULKNER, Re-
spondent.    (Supreme Court, Appellate Division,
Fourth Department.    July 26, 1898.)    Action
by Eleanora Lombard against John H. Faulk-
ner.    No opinion.    Judgment affirmed, with
costs.

LOWREY, Respondent, v. SATTERLEE et
al., Appellants.    (Supreme Court, Appellate
Division, Second Department.    July 7, 1898.)
Action by Zephyrinus A. Lowrey against Doug-
lass R. Satterlee and another, as attorneys, etc.
No opinion. Judgment affirmed, with costs.

McDONALD, Respondent, v. FITCHBURG
R. CO., Appellant.    (Supreme Court, Appellate
Division, Third Department.    July 6, 1898.)
Action by Joseph McDonald against the Fitch-
burg Railroad Company.    No opinion.    Judg-
ment and order affirmed, with costs.    See 46
N. Y. Supp. 600.

McGOWN, Plaintiff, v. McGOWN, Defend-
ant.    (Supreme Court, Appellate Division, First
Department.    May 6, 1898.)    Action by Henry
P. McGown, Jr., against Mary E. McGown (ap-
pearing and answering herein as Mary E. Bell).
From order modifying decree of divorce, by pro-
viding that the defendant should have leave to
see the infant child of the parties on the 4th
Mondays of February, May, August, and No-
vember, for one hour, at the residence of the
child's grandfather, the child to remain during
such visits under the personal control of the
plaintiff or of any female friend or relative
delegated by him, both parties appeal.    Affirm-
ed.    Charles Blandy, for plaintiff.    H. W.
Scott, for defendant.

PER CURIAM.    Order affirmed, without
costs.

VAN BRUNT, P. J. (dissenting).    It does
not seem to me that the decree of divorce should
have been modified.    The solicitude of the de-
fendant in respect to her child seems to come
rather late.    She deliberately abandoned it for
the purpose of going into a foreign state to ob-
tain a fictitious divorce, and then commencing

an adulterous intercourse with another man,
which she is still continuing.    Because of this
intercourse, she has been found guilty of adul-
tery, and an absolute decree of divorce has been
pronounced between her husband and herself,
and the custody of her child given to her hus-
band.    It is a familiar rule in the law of our
state that, where a divorce is granted on the
ground of the adultery of the wife, she ceases
to have any right to the control, education, or
companionship of her minor children, whether
the final decree awards the custody of the chil-
dren to the father or is silent on that subject.
There have been instances, where the child is of
such tender age that it is absolutely necessary
that it should be placed in the mother's custody,
in which this rule has been relaxed.    But where
it appears that the wife is divorced because of
her adultery, and she has continued such adul-
terous intercourse, there has been no case (un-
less the feature above mentioned was present)
in which she has been allowed the companion-
ship of or intercourse with her children.    It
may be urged that the conduct of the defend-
ant does not involve the moral turpitude embra-
ced in the above statement, but it is difficult to
see upon what foundation such an argument
can rest.    The law pronounces it just what is
above stated, and with that we have to deal,
and nothing else.    It seems to me that it is
an anomaly that a woman who has abandoned
her husband and her children for the purpose of
entering upon a career such as the one in ques-
tion, in defiance of the law which our courts are
supposed to administer, should receive any con-
sideration.    The learned judge below seeks to
justify his action on the ground that the hus-
band has avowed his intention to bring up his
child in ignorance of the existence of its crim-
inal mother.    I utterly fail to see any reason
for disapproval of such a course.    Upon the
contrary, the best interests of the child may de-
pend upon just such a course.    The defendant,
having abandoned her child, is certainly not en-
titled to any consideration at the hands of the
court, and the best interests of the infant re-
quire that all intercourse between them should
cease.    The order should be reversed.    See 49
N. Y. Supp. 996.

McKIN, Respondent, v. NEW YORK EL.
RY. CO. et al., Appellants.    (Supreme Court,
Appellate Division, First Department.    June
24, 1898.)    Action by Harriet R. McKin against
the New York Elevated Railway Company and
others.    A. O. Townsend, for appellants.    J.
A. Murray, for respondent.    No opinion.    Judg-
ment modified by reducing fee damage to $6,-
000, and as modified affirmed, without costs.

McLEAN, Respondent, v. WIDMAYER et
al., Appellants.    (Supreme Court, Appellate Di-
vision, First Department.    June 17, 1898.)
Action by Helen S. McLean against William F.
Widmayer and others.    T. M. Tyng, for ap-
pellants.    G. F. Thomson, for respondent.    No
opinion.    Order affirmed, with $10 costs and dis-
bursements.

McMAHON v. BENNETT.    (Supreme Court,
Appellate Division, First Department.    June

28, 1898.) Action by Martin J. McMahon against James G. Bennett. No opinion. Motion denied, with $10 costs. See 52 N. Y. Supp. 390.

McNULTY, Respondent, v. NASSAU ELECTRIC R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. June 7, 1898.) Action by John F. McNulty against the Nassau Electric Railroad Company. No opinion. Judgment and order reversed, and new trial granted, costs to abide the event, unless within 20 days plaintiff stipulates to reduce the recovery of damages to $2,500, and extra allowance proportionately, in which case the judgment as modified is unanimously affirmed, without costs to either party.

In re MAHER. (Supreme Court, Appellate Division, Second Department. June 28, 1898.) In the matter of the application of Edward Joseph Maher for admission to the bar. No opinion. Application granted.

In re MASURY'S ESTATE. (Supreme Court, Appellate Division, Second Department. June 21, 1898.) In the matter of the appraisal for taxation of the estate of John W. Masury, deceased. No opinion. Motion for resettlement of order denied. See 51 N. Y. Supp. 331.

In re MATTHEWS. (Supreme Court, Appellate Division, Second Department. July 7, 1898.) In the matter of the application of Frederick M. Matthews for admission to the bar. No opinion. Application granted.

In re MATTHEWS. (Supreme Court, Appellate Division, Second Department. June 28, 1898.) In the matter of the application of Frederick M. Matthews for admission to the bar. No opinion. Evidence should be furnished of the admission of the applicant to practice in the highest law court of Indiana; also that he has not applied for admission in any other department of this state.

MAYER, Appellant, v. ALEXANDER et al., Respondents. (Supreme Court, First Department. August 10, 1898.) Action by Ester Mayer against Deborah Alexander and others. I. Hershfield, for appellant. M. Esberg, for respondents. No opinion. Order affirmed, with $10 costs and disbursements.

MEEKS et al., Respondents, v. MEEKS, Appellant. (Supreme Court, Appellate Division, Second Department. July 23, 1898.) Action by Edwin B. Meeks, as executor, etc., against Catherine L. Meeks and others. Catherine L. Meeks appealed. No opinion. Order modified so as to direct that the respondents and the guardian ad litem recover their costs, to be paid out of the fund. See 51 N. Y. Supp. 1147, 53 N. Y. Supp. 1028.

MERCHANTS' NAT. BANK v. COLUMBIA SPINNING CO. (Supreme Court, Appel-late Division, First Department. June 24, 1898.) Action by the Merchants' National Bank against the Columbia Spinning Company. No opinion. Motion granted, without interest. See 47 N. Y. Supp. 442, 48 N. Y. Supp. 1109.

METCALF, Appellant, v. SHEAR et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. June 18, 1898.) Action by Gilbert D. Metcalf against Morris Shear and others. No opinion. Judgment affirmed, with costs.

In re MEYER et al. (Supreme Court, Appellate Division, First Department. June 17, 1898.) In the matter of the petition of Charles N. Meyer and another. No opinion. Motion denied.

MEYER, Appellant, v. SIDNEY NAT. BANK, Respondent. (Supreme Court, Appellate Division, First Department. June 24, 1898.) Action by David S. Meyer against the Sidney National Bank. D. Gerber, for appellant. J. R. Baumes, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

MILLER, Appellant, v. STERN, Respondent. (City Court of New York, General Term. August 4, 1898.) Action by Oscar Miller against Lazarus Stern. D. O'Reilly, for appellant. Dilwee & Canfield, for respondent.

SCHUCHMAN, J. In this case we see no reason to doubt that the jury have not done substantial justice between the parties, and, if the remark of the trial justice was prejudicial, it was cured by his charge, which left the matter in difference very fairly to the jury. The evidence as to what the defendant paid in supplying the defect of the goods, was not prejudicial, for the jury made no allowance therefor in their verdict. Judgment and order appealed from affirmed, with costs. OLCOTT, J., concurs.

In re MILLER'S ESTATE. (Supreme Court, Appellate Division, First Department. June 28, 1898.) In the matter of the estate of Sarah E. Miller, deceased. B. F. Edsall, for appellant. O. F. Hibbard, for respondent. No opinion. Order affirmed, with costs.

MILSON RENDERING & FERTILIZING CO., Appellant, v. BAKER, Respondent. (Supreme Court, Appellate Division, Fourth Department. July 26, 1898.) Action by the Milson Rendering & Fertilizing Company against William H. Baker. No opinion. Order affirmed, with $10 costs and disbursements. See 44 N. Y. Supp. 999, 46 N. Y. Supp. 1097.

MORAN v. FREELAND. (Supreme Court, Appellate Division, First Department. June 10, 1898.) Action by Michael Moran against Stephen S. Freeland. No opinion. Motion denied, with $10 costs.

MOTT, Respondent, v. SEBRING, Appellant. (Supreme Court, Appellate Division, Fourth De-